1 UNITED STATES DISTRICT COURT

2 DISTRICT OF NEVADA

| | |
|---|---|
| The Bank of New York Mellon fka The Bank of New York, Trustee,<br><br>Plaintiff<br><br>v.<br><br>Cape Jasmine CT Trust et al.,<br><br>Defendants | Case No. 2:16-cv-0248-JAD-GWF<br><br>**Order Granting in Part and Denying in Part Motion to Dismiss**<br><br>[ECF No. 8] |

This action challenges the 2012 nonjudicial foreclosure sale of the home located at 5443 Cape Jasmine Court in North Las Vegas, Nevada. The Bank of New York Mellon, as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-61 Mortgage Pass-through Certificates, Series 2005-61, claims it is the beneficiary of the senior deed of trust on the home.[1] When the homeowner defaulted on his assessments owed to the Arbor Park Community Association ("the HOA"), the HOA sold the property to the Cape Jasmine CT Trust for a small fraction of the mortgage balance.[2] Under the Nevada Supreme Court's holding in *SFR Investments Pool 1, LLC v. U.S. Bank*,[3] if the HOA properly foreclosed on a superpriority lien under NRS 116.3116, the Bank's interest was extinguished. In an effort to retain its interest, the Bank sues the Trust and the HOA to quiet title,[4] and it sues the HOA for bad faith, wrongful

---

[1] ECF No. 1 at ¶ 15.

[2] *Id*. at ¶ 21.

[3] *SFR Inv. Pool 1, LLC v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) (en banc).

[4] The Bank also asserts a "cause of action" against the Trust for injunctive relief, *see* ECF No. 1 at 10, although injunctive relief is a remedy, not an independent claim for relief. *See, e.g., Indian Homes Programs, LLC Series III v. Green Tree Servicing, LLC*, 2015 WL 5132456, at *4 (D. Nev. Sept. 1, 2015).

foreclosure, and deceptive trade practices.[5]

The HOA moves to dismiss all claims against it.[6] It contends that the Bank's claims for breach of NRS 116.1113 (bad faith) and wrongful foreclosure must be dismissed under NRS 38.310, which requires a court to dismiss any claim relating to the interpretation, application, or enforcement of regulations applicable to residential property or an HOA's governing documents if the plaintiff has not first mediated or arbitrated that claim before the Nevada Real Estate Division. It argues that it is not a proper target of the quiet-title cause of action because it claims no present interest in the property. Finally, it contends that the deceptive-trade-practices claim fails because this case is based on real-estate transactions, not the sale or lease of goods or services.[7]

I grant the motion in part: I dismiss the bad-faith and wrongful-foreclosure claims under NRS 38.310, and I dismiss a portion of the deceptive-trade claim because the statutory provision it is based on does not apply to real-estate transactions. But I allow the remainder of the Bank's claims against the HOA to proceed.

## Discussion

**A.   The Bank's bad-faith and wrongful-foreclosure claims against the HOA are dismissed under NRS 38.310.**

NRS 38.310 bars any "civil action based upon a claim relating to . . . [t]he interpretation, application[,] or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules[,] or regulations adopted by an association"[8] that has not been first mediated or arbitrated. And NRS 38.300(3) defines "civil action" to include all claims except

---

[5] ECF 1.

[6] ECF 8. I find this motion suitable for disposition without oral argument. L.R. 78-2.

[7] The Bank filed an opposition, ECF No. 22, but the HOA filed no reply.

[8] Nev. Rev. Stat. § 38.310.

2

quiet-title claims and those seeking injunctive relief for an immediate threat of irreparable harm.[9] The court must consider each claim separately and dismiss those "initiated in violation of NRS 38.310(1)."[10] The HOA moves to dismiss only the bad-faith and wrongful-foreclosure claims under this exhaustion statute.

### 1. NRS 38.310 is not limited to suits between homeowners and their HOAs.

The Bank argues[11] that NRS 38.310 does not apply to its claims because the statute only governs civil actions between homeowners and their HOAs, and the Bank is not a homeowner.[12] But the statute contains no language suggesting that it is limited only to homeowner plaintiffs. "The preeminent canon of statutory interpretation requires [the court] to 'presume that the legislature says in a statute what it means and means in a statute what it says there.'"[13] Had the Nevada legislature intended to restrict NRS 38.310's application to claims between homeowners and their HOAs, it could have easily said so. Instead, it broadly prescribed alternative dispute resolution for "any civil action" that meets the statutory definition.

---

[9] Nev. Rev. Stat. § 38.300(3).

[10] *McKnight Family, LLP v. Adept Mgmt. Servs., Inc.*, 310 P.3d 555, 558 (Nev. 2013).

[11] The Bank's argument that NRS 38.310 "cannot affect" federal subject-matter jurisdiction misses the point. *See* ECF No. 22 at 4. NRS 38.310 is not a jurisdictional statute; it is an exhaustion statute that creates prerequisites for filing certain state-law claims. Its applicability is governed by the *Erie* doctrine, *see United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999), which the Bank fails to analyze here.

[12] ECF No. 22 at 8.

[13] *Bldg. Energetix Corp. v. EHE, LP*, 294 P.3d 1228, 1232 (Nev. 2013) (quoting *BedRoc Limited, LLC v. United States,* 541 U.S. 176, 183 (2004)). This court must apply Nevada's rules of statutory construction when sitting in diversity. *See, e.g., In re Goldman*, 70 F.3d 1028, 1029 (9th Cir. 1995); *see also* ECF 1 at ¶¶ 1–8 (noting that jurisdiction in this case is based on diversity). And because I do not find this statute ambiguous, I do not consider its legislative history. *See Silver State Elec. Supply Co. v. State ex rel. Dep't of Taxation*, 157 P.3d 710, 713 (Nev. 2007) ("If the words of a statute are unambiguous, this court will give those words their plain meaning. Otherwise, this court will look to legislative history and rules of statutory construction in determining the statute's meaning.").

That NRS 38.310 "is silent as to whom it applies" does not render the statute ambiguous such that I must consider the legislative intent behind its enactment. I am thus bound by Nevada's first rule of statutory interpretation: "if a statute is clear and unambiguous," the court must give "effect to the plain and ordinary meaning of the statute's language, and . . . not resort to the rules of statutory construction."[14]

### 2. NRS 38.310 applies to a broader swath of claims than the Bank acknowledges.

The Bank also offers a narrow construction of NRS 38.310 and argues that the statute requires pre-litigation dispute resolution only for claims involving the interpretation, application, or enforcement of the HOA's CC&Rs, and because its claims are not based on the CC&Rs, NRS 38.310 does not apply.[15]

To make this argument, the Bank omits and ignores one of the statute's plain terms: the one that comes right before the clause that the Bank focuses on, and which clearly states that the pre-litigation resolution process also applies to claims relating to "[t]he interpretation, application or enforcement of any covenants, conditions[,] or restrictions applicable to residential property."[16] The Nevada Supreme Court noted this broad reach of NRS 38.310 in *McKnight Family, LLP v. Adept Management Services, Inc.*[17] In *McKnight*, the homeowner sued the HOA alleging that it failed to properly credit his payments and wrongfully foreclosed based on delinquent assessments.[18] Like the Bank, he alleged claims for quiet title, bad faith, and wrongful foreclosure.[19] The district court dismissed all of his claims under NRS 38.310 because

---

[14] *W. Sur. Co. v. ADCO Credit, Inc.*, 251 P.3d 714, 716 (Nev. 2011).

[15] ECF 22 at 5–6.

[16] Nev. Rev. Stat. § 38.310(1)(a).

[17] *McKnight Family, LLP*, 310 P.3d at 555.

[18] *Id*. at 557.

[19] *Id.*

4

the parties had not mediated or arbitrated before the suit was filed.[20]

On appeal, the Nevada Supreme Court held that the quiet-title claim should not have been dismissed because quiet-title claims are expressly exempted from the statute's definition of "civil action."[21] But the Court found that the bad-faith and wrongful-foreclosure claims "fell under NRS 38.310's purview."[22] It reasoned that the NRS 116.1113 claim "required the district court to interpret regulations and statutes that contain[] conditions and restrictions applicable to residential property" and, because the homeowner "sought money damages" for this claim, it qualified as a "civil action[] as defined in NRS 38.300(3)."[23] It also concluded that the homeowner's claim that the HOA wrongfully foreclosed because it failed to properly credit the homeowner's payments likewise "involve[d] interpreting covenants, conditions, or restrictions applicable to residential property" and also required the court to "interpret the CC&Rs to determine their applicability and enforceability regarding" this property owner.[24] Thus, *McKnight* demonstrates that the Nevada Supreme Court broadly interprets NRS 38.310 to require pre-litigation dispute resolution of claims relating to the interpretation, application, or enforcement of laws governing residential property, not just claims relating to the HOA's CC&Rs and governing documents.

---

[20] *Id*.

[21] *Id*. at 559 ("it is not a civil action as defined in NRS 38.300(3)").

[22] *Id*. at 558–59.

[23] *Id*.

[24] *Id*. at 560.

5

### 3. *McKnight* dictates that the Bank's bad-faith and wrongful-foreclosure claims be dismissed under NRS 38.310.

Like the claims in *McKnight*,[25] the Bank's bad-faith and wrongful-foreclosure claims fall under the purview of NRS 38.310. The bad-faith claim is founded on the allegation that the HOA breached NRS 116.1113, which "provides that every duty governed by NRS 116, the Common-Interest Ownership Uniform Act, must be performed in good faith."[26] NRS 116.1113 imposes a duty of good faith and fair dealing on any act performed under an HOA's CC&Rs adopted in accordance with Chapter 116.[27] So this bad-faith claim is "a claim relating to" the "enforcement of" a covenant applicable to residential property (the statutory provisions of NRS Chapter 116) and potentially the "bylaws, rules[,] or regulations adopted by an association."[28]

The factual premise of the Bank's wrongful-foreclosure claim is that: (1) the HOA gave inadequate notice or opportunity to cure the deficiency; (2) the sale price was commercially unreasonable; (3) and the HOA breached the covenant of good faith and fair dealing imposed by NRS 116.1113.[29] Each of these theories will require "[t]he interpretation, application or enforcement of" various provisions of NRS Chapter 116, which constitute "covenants, conditions[,] or restrictions applicable to residential property" or "[t]he interpretation, application

---

[25] "When interpreting state law, federal courts are bound by decisions of the state's highest court." *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1494 n.4 (9th Cir. 1996) (quoting *Arizona Elec. Power Coop., Inc. v. Berkeley,* 59 F.3d 988, 991 (9th Cir. 1995)); *accord, Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 n.5 (1982) (federal courts must follow the state courts' interpretation of a state statute).

[26] ECF No. 1 at ¶ 63.

[27] Nev. Rev. Stat. § 116.1113.

[28] *See* Nev. Rev. Stat. § 38.310(1).

[29] ECF 1 at 12.

or enforcement of" the HOA's "bylaws, rules[,] or regulations."[30]  I thus dismiss both claims under NRS 38.310.[31]

**B.     The Bank has pled a justiciable quiet-title claim against the HOA.**

The HOA next argues that the Bank's quiet-title/declaratory-relief claim fails because the HOA "does not claim a present interest in the Property adverse to the Bank."[32]  "NRS 40.010 governs Nevada quiet title actions and provides: 'An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim.'"[33]  Although "[a] plea to quiet title does not require any particular elements,"[34] each party must have or assert an interest in the property.  The Bank does not allege that the HOA has or claims any present interest in this property.  Indeed, the HOA's interest was the lien it held before—and satisfied with the proceeds of—the foreclosure sale.

But the Bank is challenging the validity of that sale, and the remedies it seeks in this action include declarations that the sale was invalid and that the sale did not extinguish the Bank's interest.[35]  With some limitations not applicable here, Rule 19(a) of the Federal Rules of Civil Procedure requires a party to be joined in a suit if it "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [its] absence may (i) as a practical matter impair or impede [its] ability to protect that interest or (ii) leave any of the

---

[30] *See* Nev. Rev. Stat. § 38.310(1).

[31] Because I dismiss these claims under NRS 38.310, I decline to reach the HOA's alternative arguments for their dismissal.  *See* ECF No. 8 at 7–8.

[32] ECF No. 8 at 5–6.

[33] *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (quoting Nev. Rev. Stat. § 40.010).

[34] *Id*.

[35] ECF 1 at 8–10.

7

persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [its] claimed interest."[36]  The "complete relief" factor considers whether the existing parties can obtain "consummate rather than partial or hollow relief" and whether there is a real possibility of "multiple lawsuits on the same cause of action."[37]

Based on the allegations and the type of relief that the Bank prays for, it appears at this nascent stage of this litigation that the HOA is a necessary party.  The disposition of this action in the HOA's absence may impair or impede its ability to protect its interests.[38]  And if the Bank succeeds in invalidating the sale without the HOA being a party to this suit, separate litigation to further settle the priority of the parties' respective liens and rights may be necessary.  Thus, at this point, the HOA appears to be a necessary party, at least nominally, so the motion to release it from the quiet-title/declaratory-relief claim is denied.

**C.     A portion of the Bank's DTPA claim must be dismissed.**

Finally, the HOA moves to dismiss the Bank's claim that the HOA violated Nevada's Deceptive Trade Practices Act (DTPA), codified in NRS Chapter 598, arguing that the DTPA only governs the sale of goods and services, not real estate transactions like the one on which the Bank's claim is based.[39]  NRS 41.600 allows a victim of fraud to bring an action for "consumer fraud," which is defined to include any of the dozens of deceptive trade practices identified in the DTPA at NRS 598.0915 to 598.0925.  Some of those deceptive trade practices relate only to the sale or lease of goods or services, but some are more broadly defined.

---

[36] Fed. R. Civ. P. 19(a).

[37] *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983).

[38] This fact distinguishes this case from *Majuba Mining, Ltd. v. Pumpkin Copper, Inc.*, 299 P.3d 363, 364 (Nev. 2013), in which Majuba had nothing to protect; its claims had been forfeited and "void by operation of law."

[39] ECF No. 8 at 9.

8

The Bank alleges four separate deceptive trade practices:

- NRS 598.0915(15), which prohibits "Knowingly mak[ing] any other false representation in a transaction,"
- NRS 598.092(8), which prohibits "Knowingly misrepresent[ing] the legal rights, obligations or remedies of a party to a transaction,"
- NRS 598.0923(2), which defines a deceptive trade practice to include "Fail[ing] to disclose a material fact in connection with the sale or lease of goods or services," and
- NRS 598.0923(3), which prohibits "Violat[ing] a state or federal statute or regulation relating to the sale or lease of goods or services."[40]

The portions of this claim based on alleged violations of NRS 598.0923(2)–(3) require the sale or lease of goods or services, which real estate is not.[41] So the violations alleged in paragraph 89 based on these provisions do not state a viable claim for relief and must be dismissed. Because it does not appear that the Bank can state a viable claim based on these subsections under the circumstances of this case, I conclude that amendment would be futile and I dismiss this portion of the claim with prejudice.

But the same cannot be said for the alleged violations of NRS 598.0915(15) and NRS 598.092(8), which do not appear to limit deceptive trade practices to goods or services. Because the HOA has not demonstrated that a claim based on the deceptive trade practices described in NRS 598.0915(15) and NRS 598.092(8) must be based on the sale or lease of goods or services, I deny its motion to dismiss the remainder of this DTPA claim.

---

[40] *See* ECF No. 1 at ¶¶ 79–84; Nev. Rev. Stat. §§598.0915–598.0923.

[41] *See*, e.g., *Gonzales v. Bank of America, N.A.*, 2015 WL 4744432, *3 (D. Nev., Aug. 10, 2015) (collecting cases in which judges of this court have consistently held that real estate is not a good or service to which the DTPA applies).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the Arbor Park Community Association's Motion to Dismiss **[ECF 8] is GRANTED in part and DENIED in part**:

- **The Bank's third and fourth claims for relief** (breach of NRS 116.1113 and wrongful foreclosure) **are DISMISSED** without prejudice under NRS 38.310;
- **The portion of the bank's fifth claim for relief** (deceptive trade practices) **alleging a violation of NRS 598.0923(2)–(3) is DISMISSED with prejudice** under FRCP 12(b)(6); and
- This action proceeds against the HOA[42] on the first claim for relief (quiet-title/declaratory relief) and the remainder of the fifth claim for relief (deceptive trade practices).

Dated: June 27, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[42] No claim against the Trust has been disposed of by this order.

10